UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                             CASE No. 8:15-CV-1851-T-23TGW

TERESA LEE,

       Defendant.

_____

## REPORT AND RECOMMENDATION

       The plaintiff alleges that the defendant, Teresa Lee, failed to pay student loans guaranteed by the United States Department of Education. The defendant did not defend this case, and the Clerk entered default against her. After default was entered, the defendant filed an Answer to the plaintiff's Complaint, but did not move to vacate the default entered against her. Thereafter, the plaintiff filed a motion for summary judgment (Doc. 9). The plaintiff's motion was construed as a motion for default judgment, and was referred to me for a report and recommendation (Doc. 10).[1]

       The well-pled complaint's allegations and evidence establish the plaintiff's claim. An evidentiary hearing was held — which the defendant

---

[1] Citations correspond to the page numbers in CM/ECF.

failed to attend — to determine the amount of damages to which the plaintiff is entitled. Based upon the evidence submitted by the plaintiff, I recommend that judgment be entered for the plaintiff in the amount of $19,253.70 plus daily interest of $1.63 after June 24, 2016, and costs of $40.00.

## I.

On August 10, 2015, the plaintiff, United States of America, filed a complaint under 28 U.S.C. 1345, alleging the defendant, Teresa Lee, failed to repay student loans that were guaranteed by the United States Department of Education (Docs. 1, 9).[2] The plaintiff sought payment on the loans, including prejudgment interest, post-judgment interest, and costs.

The plaintiff alleges that it is owed a total of $19,253.70 (including daily interest of $1.63), and $40.00 in costs. At the evidentiary hearing, the plaintiff submitted exhibits and had a witness, Philippe Guillon (who appeared by telephone), a senior loan analyst of the United States Department of Education, testify as to the defendant's debt with respect to four student loans. The evidence showed that the plaintiff, in fact, is owed a total of $19,253.70 plus daily interest of $1.63, based on three student loans,

---

[2]The plaintiff explains that the student loans were guaranteed "in accordance with Title IV-B of the Higher Education Act of 1965, as amended 20 USC 1071 et. seq." (Doc. 9, p. 3).

and costs of $40.00. The evidence also demonstrated that the plaintiff had a fourth student loan that was paid, and the plaintiff is not seeking payment on that loan.

Thus, Guillon testified that he had reviewed the defendant's student loans and determined her indebtedness. Guillon testified regarding a document titled "U.S. Department of Education San Francisco, California Certificate of Indebtedness #1 of 1" (Doc. 14, Ex. 1, p. 3). Guillon explained that the certificate was prepared by someone else, and that he adopted it except for two statements contained in the certificate. First, he explained that the second paragraph contained an inaccurate statement that the interest rate would rise from eight percent to ten percent after the fourth year of repayment (id.). Guillon testified that the interest rate never rose to ten percent because the defendant defaulted before the loan reached that point. Guillon also testified that the certificate's statement that the interest was $11,501.45 on January 27, 2016, was incorrect, and that the correct interest was $11,560.19 (id.). However, as of January 27, 2016, the stated principal balance of $7,450.35 was correct, and so was the total amount of debt on the certificate

of $19,010.54. In other words, the statement of interest was erroneous, but the total was not.

Further, Guillon testified that the defendant had three outstanding loans and explained the Department of Education's spreadsheets concerning the balance on the loans (see Doc. 14, Ex. 2, p. 4, Ex. 3, p. 5, Ex. 4, p. 6). Guillon also explained the exhibit concerning the defendant's federal student aid loan history (see Doc. 14, Ex. 5). Thus, one of the student loans was from 1990 and the other two student loans were from 1991. Guillon explained that the defendant had made some payments that were allotted to the three loans (see Doc. 14, Ex. 2, p. 4, Ex. 3, p 5, Ex. 4, p. 6). However, the defendant did not repay the loans in full to the plaintiff. Guillon clarified that the defendant had four student loans, but that one student loan was paid due to the defendant's tax refunds being garnished, and therefore, the plaintiff is not seeking to collect on it (see Ex. 6).[3]

Further, Guillon testified that as of the date of the evidentiary hearing on June 24, 2016, the principal amount of the combined three student

---

[3]The loan that was paid was identified in exhibit 5 and titled "SF - FFEL Stafford Sub Everest University - Tampa Brandon Campus - 00153408" (Doc. 14, Ex. 5, p. 7). The loan has a balance of five cents (see Doc. 14, Ex. 6, p. 11), but the plaintiff is not seeking payment of that amount.

loans is $7,450.35, the accrued interest is $11,803.35, for a total balance of $19,253.70. Guillon also stated that the interest rate per day is $1.63. Further, at the hearing, the plaintiff also requested costs of $40.00 in process server fees.

The defendant did not respond to the plaintiff's motion, and she did not appear at the evidentiary hearing. Therefore, she did not submit any evidence to counter the plaintiff's evidence.

## II.

The plaintiff has established the defendant's liability for debt that she incurred with regard to three student loans. In this respect, under Rule 55(b)(2), Fed.R.Civ.P., a party may seek from the court a default judgment for the amount of the damages caused by the defaulting party. The plaintiff's motion for summary judgment has been construed as a motion for default judgment (Doc. 10). The plaintiff seeks a judgment in the amount of $19,253.70, plus daily accruing interest of $1.63, and costs of $40.00.

In this regard, it is the noted that the defendant's "default is not treated as an absolute confession by the defendant of [her] liability and of the plaintiff's right to recover." Nishimatsu Construction Co., Ltd. v. Houston

Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). However, by defaulting, the defendant is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations omitted); see also United States v. Hunter, 2014 WL 1047407 (M.D. Fla. 2014) (due to well-pled allegations in the complaint, default judgment entered against defendant based on defaulted student loans). As discussed, the allegations of the complaint, the exhibits in the court file (Docs. 1, 14), and the testimony of Philippe Guillon satisfy the elements of the plaintiff's claim that the defendant failed to repay on three student loans. Further, Guillon's testimony established the amount that is owed.

Notably, according to the defendant's untimely answer, the defendant claims she has paid the student loans in full and that she has no outstanding student loans (Doc. 8). The defendant asserts that her tax returns were garnished to pay the student loans in full (id.). The defendant, however, has not submitted evidence to support this allegation, despite being given an ample opportunity to do so.

Moreover, at the evidentiary hearing, Guillon testified that the defendant had one student loan paid in full (except for five cents) based on the defendant's tax returns being garnished and, therefore, the plaintiff was not seeking repayment on that loan (see Doc. 14, Ex. 6, p. 11). Therefore, from all that appears, the defendant's answer is referencing the student loan that has already been paid. However, the defendant has not provided evidence to rebut the plaintiff's evidence on the other three student loans to establish that her tax refunds were applied to those loans. Consequently, based on the evidence, the defendant owes the plaintiff the amount claimed on the three outstanding loans.

The plaintiff has also requested costs in the amount of $40.00 for process server fees (Doc. 9, p. 6; Doc. 9-3, Ex. C). Fees for service of process are compensable under 28 U.S.C. 1920(1). See United States Equal Employment Opportunity Commission v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). Accordingly, the plaintiff is entitled to recover $40.00 in process server fees.

III.

For the foregoing reasons, I recommend that the Motion for Summary Judgment (Doc. 9) that is construed as a motion for default judgment be granted, and that default judgment be entered in favor of the plaintiff, and against the defendant, Teresa Lee, in the amount of $19,253.70, plus daily interest of $1.63 after June 24, 2016, and costs in the amount of $40.00.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JULY _18_, 2016

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

-8-